IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. D'ANGELO, | : |
|       Plaintiff, | :   CIVIL ACTION NO.  21-4813 |
| v. | : |
| VANGUARD GROUP, INC. (individually) and D/B/A VANGUARD, | :   PLAINTIFF REQUESTS TRIAL BY JURY |
|       Defendant. | : |

PLAINTIFF, JOHN J. D'ANGELO, by and through undersigned counsel hereby files this Civil Action Complaint against Defendants VANGUARD GROUP, INC. (individually) and D/B/A VANGUARD ("Defendant" or "Vanguard") and avers the following:

**PARTIES**

1. Plaintiff, John D'Angelo ("Plaintiff" or "Mr. D'Angelo") resides in the Commonwealth of Pennsylvania with an address for purposes of service at 475 Shelmire Road, Downingtown, PA 19335.

2. Plaintiff, Mr. D'Angelo is a fifty (50) year-old male who is was employed by Defendants from sometime around September 11, 1995, until March 23, 2021.

3. Plaintiff alleges that he was terminated by Defendants due to his age.

4. At the time of the alleged unlawful termination due to age, Mr. D'Angelo was fifty (50) years old.

1

5. Defendant, Vanguard Group, Inc. ("Vanguard" or "Defendants") individually and d/b/a Vanguard is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of service at 100 Vanguard Blvd, Malvern, Pennsylvania 19355, which is in Chester County.

6. Robert Whitesel is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of correspondence at 100 Vanguard Blvd, Malvern, Pennsylvania 19355, which is in Chester County.

7. At all times material to this civil action Robert Whitesel held supervisory authority over Plaintiff. Robert Whitesel was employed by Defendants as the Senior Manager and had the authority to take a tangible employment action against Plaintiff during Plaintiff's employment for Defendants.

8. Jennie Boschi is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of correspondence at 100 Vanguard Blvd, Malvern, Pennsylvania 19355, which is in Chester County.

9. At all times material to this civil action Jennie Boschi (individually) held supervisory authority over Plaintiff. Jennie Boschi (individually) was employed by Defendants as a Human Resources Specialist and had the authority to take a tangible employment action against Plaintiff during Plaintiff's employment for Defendants.

10. At all times material to this Charge, Plaintiff, John D'Angelo was qualified for the position of Team Lead and held a Leadership Position as an M1, which is a management level position within Defendants organization.

11. At all times relevant to this civil action Defendants were Plaintiff's joint and sole employers.

**NATURE OF THE CASE**

12. PLAINTIFF, John D'Angelo complains pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA"); and seeks damages to redress injuries Plaintiff suffered as a result of Defendants' discrimination and harassment, which ultimately led to a tangible employment action including Plaintiff's unlawful termination from his employment for Defendants.

**JURISDICTION AND VENUE**

13. This action involves a Question of Federal Law under the Age Discrimination in Employment Act of 1967.

14. Plaintiff intends to amend his complaint to include allegations under the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"), when Plaintiff Commonwealth and City claims become ripe for filing a lawsuit. At that time, the Court will maintain supplemental jurisdiction over Plaintiff's claims under the PHRA and the PFPO.

15. Venue is proper in the Eastern District of Pennsylvania as PLAINTIFF was employed by Defendants and worked in the City of Philadelphia, in the Commonwealth of Pennsylvania where the discrimination complained of occurred.

16. On or around June 29, 2021, PLAINTIFF filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.

17. PLAINTIFF'S Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC"), and the Philadelphia Commission on Human Relations ("PCHR").

18. On or about August 3, 2021, the EEOC issued a Dismissal and Notice of Rights to PLAINTIFF.

19. This action is hereby commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission.

20. After the one year waiting period has elapsed on PLAINTIFF'S claims under the PHRA and the PFPO, PLAINTIFF will amend his complaint to assert causes of action under the PHRA and the PFPO against the parties referenced above. See Fed. R. Civ. P. 15(a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiffs may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

21. When Plaintiff's claims under the PHRA and the PFPO are ripe for suit, Plaintiff will also add two parties to this case: Robert Whitesel and Jennie Boschi, who both engaged in unlawful conduct to support claims under the Commonwealth and City Aiding and Abetting laws.

## MATERIAL FACTS

22. Plaintiff, John D'Angelo was employed by Defendant, Vanguard Group, Inc., from sometime around September 11, 1995, until March 23, 2021.

23. Plaintiff, John D'Angelo began his employment for Defendants approximately twenty-six (26) years ago as a Client Relationship Administrator.

24. Over the course of Plaintiff's employment, Plaintiff worked in various leadership roles and in different departments for the company. Some of the roles Plaintiff fulfilled included Project Leader, People Leadership, and Client Relationships.

25. Plaintiff excelled in his employment for Defendants and was assigned added Leadership responsibilities over the course of Plaintiff's employment.

26. The record of Plaintiff's employment for Defendants, included performance evaluations. These evaluations documented Plaintiff's excellent job performance over the twenty-six years of Plaintiff's employment for Defendants.

27. Moreover, Plaintiff received increases to his salary and benefits commensurate with his job performance.

28. Plaintiff was terminated sometime around March 23, 2021, due to Plaintiff's age.

29. January 2021, Plaintiff began working with a new Senior Manager, Robert Whitesel.

30. Almost immediately upon working with Robert Whitesel, Plaintiff began to note discriminatory, age-based comments directed at Plaintiff from Robert Whitesel.

31. During Plaintiff's first one-on-one meeting with Robert Whitesel, Robert Whitesel raised the subject of Plaintiff's age.

32. Robert Whitesel specifically asked Plaintiff to report his age. Robert Whitesel said, "how old are you?"

33. Plaintiff responded that he just turned fifty-years old in January 2021.

34. Robert Whitesel was inappropriate with Plaintiff and commented about Plaintiff's age.

35. Robert Whitesel said to Plaintiff, "now that you're fifty, you are retirement eligible."

36. Plaintiff worked with Robert Whitesel from January 2021 until March 23, 2021, when Robert Whitesel terminated Plaintiff's employment due to Plaintiff's age.

37. Defendants refused to provide Plaintiff with a legitimate non-discriminatory reason for Plaintiff's termination.

38. Plaintiff asked Defendants to provide a legitimate reason for Plaintiff's termination.

39. Defendants notified Plaintiff that Defendants did not need a reason to terminate Plaintiff's employment.

40. Defendants terminated Plaintiff employment and replaced Plaintiff with a white, Caucasian male in his twenties.

41. The individual who Defendants assigned to replace Plaintiff was Arthur Forbes, who was assigned to replace Plaintiff on Tuesday, June 1, 2021.

42. Arthur Forbes is a white, Caucasian male in his twenties.

43. The age difference Plaintiff's replacement, Arthur Forbes, is sufficient to create an inference of discriminatory intent. Accord Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015).

44. At the time of Plaintiff's unlawful termination, Plaintiff led the Production Readiness team.

45. There are twelve employees assigned to the Production Readiness team.

46. Plaintiff was the Team Lead at the time of the adverse employment action, to wit Plaintiff's termination from employment.

47. Today, the Team Lead of the Production Readiness team is Arthur Forbes, a white, Caucasian male in his twenties and almost 30 years Plaintiff's junior.

48. The individual who hired Arthur Forbes to replace Plaintiff was Robert Whitesel, the same person who made the decision to terminate Plaintiff's employment.

49. Plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive. Id.

50. Defendants refused to respond to Plaintiff's requests for a legitimate non-discriminatory reason for his termination and ultimately, Plaintiff was terminated with no justification other than, "we do not need a reason to terminate you" (words or substance).

51. Plaintiff was employed by Defendants for twenty-six years and Plaintiff had every reason to believe that Plaintiff would continue his employment for Defendants until Plaintiff's retirement.

52. Plaintiff intended to continue his employment for Defendants until Plaintiff was at least sixty-five (65) years old.

53. At the time of Plaintiff's termination, Plaintiff had risen to a level where Plaintiff received earnings, benefits, bonuses, and other forms of compensation that had taken Plaintiff 26 years to enjoy.

54. Defendants unlawful conduct resulted in Plaintiff losing all of this and Plaintiff was forced to begin at a new employer without any seniority status and the benefits that would entail.

55. Plaintiff will never be able to work to a seniority status that Plaintiff earned working for Defendants unless Plaintiff remains in the workforce until age 76.

56. But for Defendants discriminatory, unlawful conduct, Plaintiff would have continued his employment for Defendants for another fifteen years, at least. Plaintiff had every reason to believe that he would be employed with Defendants until retirement.

57. Plaintiff's damages begin with an assessment of the amount of money Plaintiff should have earned from the date of Plaintiff's unlawful termination until Plaintiff's retirement.

58. Plaintiff earned a salary plus Plaintiff received commissions, benefits, bonuses, and profit sharing. Plaintiff also received health benefits and 401k matching during Plaintiff's employment for Defendants.

59. According to Defendants internal calculations, a Vanguard employee's total compensation package is at least equal to the employee's annual income multiplied times two (2).

60. Plaintiff's damages begin with a calculation of his salary multiplied times two and then multiplied by the fifteen years Plaintiff would have continued his employment but for Defendants unlawful, age-based conduct.

61. After Plaintiff's lost wages are calculated, the next step would be to calculate the value of the bonus and profit-sharing Plaintiff would have received but for Defendants conduct.

62. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

63. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

64. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which Plaintiff's employment entailed.

65. Plaintiff also suffers future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

66. Plaintiff has further experienced severe emotional and physical distress.

67. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

68. Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

69. Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

70. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

71. Plaintiff claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

## COUNT I
## DISCRIMINATION UNDER THE AGE
## DISCRIMINATION IN EMPLOYMENT ACT (ADEA)
### (against Corporate Defendants Only)

72. PLAINTIFF, JOHN D'ANGELO, hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

73. Section 626 of the ADEA provided it shall be unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to their compensation, terms, conditions or privileges of employment, because of such individual's age;
>
> (2) to limit, segregate, or classify their employees in any way which would deprive or tent to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
> (3) to reduce the wage rate of any employee in order to comply with this chapter.
>
> (4) It Shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

9

74. Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against PLAINTIFF because of his age.

75. At the time of PLAINTIFF'S termination from his employment PLAINTIFF was a member of a protected class based on PLAINTIFF'S age.  PLAINTIFF almost fifty at the time PLAINTIFFwas unlawfully terminated from his employment.

## JURY DEMAND

PLAINTIFF requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

By: /s/ Seth D. Carson
Seth D. Carson, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
Email: Seth@dereksmithlaw.com
*Attorney for Plaintiff, John D'Angelo*

Dated: November 1, 2021